**UNITED STATES of America, Plaintiff,**

v.

**Jack Brown SHAW, Ouida Massengill, James Warren, and Little Brothers Construction Company, Inc., Defendants.**

**Civ. A. No. J88–0020(L).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Sept. 18, 1989.

John P. Fox, Houston, Miss., for Shaw.

## MEMORANDUM OPINION
## AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiff, the United States of America, for summary judgment as to defendant Jack B. Shaw pursuant to Rule 56 of the Federal Rules of Civil Procedure. Shaw has timely responded to the motion and the court, having considered the memoranda of authorities together with attachments submitted by the parties, is of the opinion that the motion should be granted in part and denied in part.

The government brought this action seeking to recover damages against a number of defendants and with reference in particular to Shaw, damages are sought for Shaw's bribery of a federal agent pursuant to the False Claims Act, 31 U.S.C. §§ 3729–31 (Supp.1989), and based on the theory of common law bribery. The events leading up to this case can be briefly summarized as follows.

Shaw was at one time a packager of Section 515 loan applications in Mississippi during the same time period that Lester Howell was the Farmers Home Administration (FmHA) Chief of Rural Housing for the Mississippi area.[1] Howell's duties included, *inter alia*, the review, processing and approval of preapplication packages and applications for loans under the Section 515 program. As established by his July 1986 guilty plea, Shaw gave money, at least $14,000, to Howell "for or because of official acts performed or to be performed by ... Howell ... otherwise than as provided by law for the proper discharge of his official duties, ... including ... reviewing and approving loan applications and

Daniel E. Lynn, Asst. U.S. Atty., Jackson, Miss., David Orbuch, Trial Atty., Dept. of Justice Civ. Div., Washington, D.C., for plaintiff.

Orma R. Smith, Jr., Corinth, Miss., for Little Brothers Const. Co.

Frank W. Trapp, Jackson, Miss., for Warren, Massengill and Little Brothers Const. Co.

---

1. The Farmers Home Administration Section 515 Rural Housing Program is intended to encourage construction of economically designed multi-family housing for low or moderate income families and senior citizens located in rural areas or towns. The program encourages such construction by providing below market rate long-term permanent financing to parties who cannot otherwise obtain the required funding.

A packager, as Shaw was, is someone who, on behalf of a developer, assembles a project application and submits it to the FmHA for approval and in exchange for his services is compensated by the developer. *See* 42 U.S.C. § 1485 (1978 and Supp.1989).

relevant documents."[2] That is, Shaw committed bribery in violation of 18 U.S.C. § 201(f) and, as indicated, pled guilty to two counts of bribery in 1986.

Following the criminal proceedings, the government instituted this civil action against Shaw and others involved in the same or similar bribery schemes, seeking to recover losses it sustained in connection with the activities of the defendants. It is as to the two counts of the complaint pertaining to Shaw, counts II and IV, that the government now seeks summary judgment. Though the bases in support of the motion are to some degree similar as they pertain to the separate counts, the court will treat them separately because of fundamental differences in the nature of the two charges.

## COUNT II—COMMON LAW BRIBERY

■ Count II of the complaint charges that by paying bribes to Howell, Shaw induced a breach of the fiduciary duty of undivided loyalty which Howell owed to the United States and that Shaw is liable for damages resulting from that breach to Howell's principal, the United States. The primary theme of Shaw's opposition to the government's motion as it relates to count II is a contention that there can be no common law, i.e., nonstatutory, civil right of action for bribery, and that since there is no specific statute authorizing such a claim, there is no legal basis for the government's claim. However, persuasive case authority supports the government's claim under count II. In *Continental Management, Inc. v. United States*, 208 Ct.Cl. 501, 527 F.2d 613 (1975), the court, noting "the strong policy against the payment of money or other benefits to another's agent, a commitment to giving full relief to the principal, . . . and a flexibility in devising remedies to run against all available participants," *id.* 527 F.2d at 617, concluded that the government had a nonstatutory civil remedy for the bribery of its agents, both against the briber and the

agent, *id.* at 617–18. In so holding, the court observed that "[t]he purpose of the bribery statute—the protection of the public from the corruption of public servants and the evil consequences of that corruption—will obviously be furthered by the recognition of a civil remedy." *Id.* With this conclusion the court agrees. *See also United States v. Cripps*, 460 F.Supp. 969, 976 (E.D.Mich.1978) (right of action exists against both payer and beneficiary of bribes).

■ In support of its motion for summary judgment as to count II, the United States asserts that Shaw's plea of guilty to bribing Howell conclusively establishes Shaw's liability for bribery and consequent damages to the United States. Addressing the collateral estoppel effect of a prior criminal conviction, the Fifth Circuit has explained that "[b]ecause of the existence of a higher standard of proof and greater procedural protections in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action." *United States v. Thomas*, 709 F.2d 968, 972 (5th Cir.1983); *see also Tomlinson v. Lefkowitz*, 334 F.2d 262, 264 (5th Cir.1964), *cert. denied*, 379 U.S. 962, 85 S.Ct. 650, 13 L.Ed.2d 556 (1965). The effect of the doctrine is not diminished by the fact that the criminal conviction was brought about by a guilty plea. *See United States v. Killough*, 848 F.2d 1523, 1528 (11th Cir.1988) (prior guilty plea estopped defendants from contesting payment of kickbacks in subsequent False Claims Act action). A prerequisite to application of the doctrine of collateral estoppel is that the issue arising in the subsequent civil action be identical to the question previously litigated and decided. As to the government's claim against Shaw for bribery, that clearly is the case. Shaw himself agrees that the issue of whether or not he was guilty of bribery was distinctly adjudicated in the criminal proceeding. Accordingly, Shaw is estopped

2. Shaw pled guilty to a two-count indictment which charged the giving of two separate payments to Howell, one in the amount of $4,000 and the other in the amount of $10,000. Shaw testified at the trial of Howell, however, that over a period of time, he paid an estimated $30,000 in bribes to Howell.

to deny his civil liability for bribery in this action. The court therefore turns its attention to the issue of appropriate damages under count II.

■ Initially, the court rejects the argument advanced by Shaw that because the court, in sentencing Shaw, ordered him to pay restitution in the sum of $5,000, the issue of "appropriate civil compensation" for Shaw's conduct has been adjudicated such that the United States is now estopped from recovering any further damages. Although this argument was not raised by Shaw and was not specifically addressed by the court in considering a prior motion by Shaw to dismiss, this court did, in deciding that motion, impliedly recognize that the previous criminal action does not bar the present civil action for damages, the damages sought presumably being in addition to the amount of restitution already awarded. *See United States v. Howell*, 702 F.Supp. 1281 (S.D.Miss. 1988). Indeed, the proposition that civil damages are available to the government to the extent the government's losses exceed any amount ordered as restitution in a criminal proceeding is fully and clearly supported by the provisions of the Victim and Witness Protection Act, 18 U.S.C. §§ 3663–64 (1985). There, it is provided that

> (2) Any amount paid to a victim under an order of restitution shall be set off against any amount later recovered as compensatory damages by such victim in—(A) any Federal civil proceeding … [.]

18 U.S.C. § 3663(e)(2). Accordingly, "[i]f the restitutionary order fails to satisfy the victim, he can seek a civil judgment when the court's jurisdiction ends or even when the restitutionary order is in effect." *United States v. Bruchey*, 810 F.2d 456, 461 (4th Cir.1987).

■ Shaw opposes summary judgment on the bribery claim for the further reason that the government has allegedly produced no proof of its damages and indeed has not shown by any proof whatsoever that the United States suffered because of the bribes that Shaw admitted giving. In *Continental Management, supra,* the court

held that where the basis of civil recovery by the government is the bribery of one of its agents, the government need only show "the fact and amount of the bribes—nothing further need be alleged or proved by way of specific or direct injury." *Continental Management*, 527 F.2d at 618. In essence, the defendant's position here is one of "no harm, no foul," or at least in the absence of specific and provable concrete loss, there can be no compensation. Contrary to defendant's argument, however, it is generally accepted that while proof of specific and actual loss may be unavailable, the government is indeed harmed in cases such as this to a significant extent and, where uncertainty exists as to a precise monetary figure to be placed upon that loss, "public policy require[s] that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created." *Bigelow v. RKO Radio Pictures, Inc.*, 327 U.S. 251, 265, 66 S.Ct. 574, 580, 90 L.Ed. 652 (1946).

As was explained in *Continental Management,*

> In normal course the briber deprives the Government of the loyalty of its employees, upon which the Government and the public must rely for the impartial and rigorous enforcement of government programs. *See, e.g., City of Findlay v. Pertz,* 66 F. 427, 434–35 (6th Cir.1895). Bribery of officials can also cause the diminution in the public's confidence in the Government, upon which the Government must also rely. *See United States v. Mississippi Valley Generating Co.,* 364 U.S. 520, 562 [81 S.Ct. 294, 315, 5 L.Ed.2d 268] (1961). The Government likewise incurs the administrative costs of firing and replacing the venal employees and the costs of investigation, all of which are compensable in fraud cases. *See United States v. Rex Trailer Co.,* 218 F.2d 880, 884 (7th Cir.1955), *aff'd on other grounds,* 350 U.S. 148 [76 S.Ct. 219, 100 L.Ed. 149] (1956).

*Continental Management,* 527 F.2d at 618; *see also Killough,* 848 F.2d at 1532 (solicitation of kickbacks by government employee damages government to extent

such corruption causes diminution of public's confidence in government, any excess money paid and administration costs of prosecuting case). The court is also persuaded that the amount of the bribe represents a reasonable measure of damages, in the absence of more specific proof, particularly since, as the government aptly notes, that is at least the value that Shaw placed on his corruption of Howell and the amount by which he expected to benefit. *See also Continental Management*, 527 F.2d at 618.

The proof in this case establishes that Shaw paid to Howell bribes in the amount of approximately $30,000. Shaw pled guilty to an indictment charging the payment of $14,000 in bribes and in addition, he testified in the trial of Lester Howell to additional bribes, for a sum total which he calculated to be $30,000.[3]

Accordingly, based on the foregoing, the court concludes that the government is entitled to summary judgment as to count II of the complaint exhibited against Shaw and is entitled to recover damages in the amount of $25,000 ($30,000 less the $5,000 ordered as restitution).

### COUNT IV—FALSE CLAIMS ACT

■ Count IV of the complaint seeks to impose liability under the False Claims Act against Shaw for paying money to Howell to influence Howell's decisions regarding loan approval and thus corrupting the lawful procedures by which loans should have been approved under FmHA regulations. Liability under the False Claims Act is established by showing that the defendant presented, or caused to be presented, a false or fraudulent claim for payment to a government employee, or that the defendant knowingly made, used, or caused to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the government. 31 U.S.C. § 3729(a)(1) and (2). The government in this case reasons that each of at least fifty-three preapplications or loan applications for which Shaw was the packager qualify as a false or fraudulent claim for payment since those loan applications and preapplications included the implicit false representation that they were free of corruption when, in fact, they were submitted pursuant to a scheme to contaminate the loan approval process. That is, the bribes effectively tainted the approval process. While the court would agree with the proposition that the loan approval process was perhaps tainted by payment of the bribes, the court does not accept the government's strained rationalization for its classification of these claims, the loan applications and preapplications, as false or fraudulent.[4] The bare fact that bribes were involved in this case, a fact established conclusively by the prior criminal proceeding, does not necessarily lead to the further conclusion that false or fraudulent claims were made in connection with each of the loan applications or preapplications. For that reason, the government's motion for summary judgment as to count IV should be denied.

Accordingly, it is ordered that the government's motion is granted in part and denied in part as set forth herein.

ORDERED.

---

**3.** In an unsworn response to the government's statement of material facts, Shaw denied the government's representation that Shaw paid bribes in the amount of $30,000 to Lester Howell. That responsive document is not even signed by Shaw, but rather his counsel, and is certainly not sworn by anyone and Shaw has not otherwise refuted his prior testimony.

**4.** The government has cited no case, and the court is aware of none, in which this specific issue has been addressed. The government has cited *United States v. Cripps*, 460 F.Supp. 969 (E.D.Mich.1978), apparently as an example of a case in which bribery formed the basis of a False Claims Act recovery. In that case, however, the False Claims Act violations were predicated upon a collusive bidding scheme to obtain contracts awarded by HUD. A claim by the government for bribery was treated separately by the court and damages, represented by the amount of bribes paid, were calculated separately from the False Claims Act damages.