**Ray HAMMACK, Plaintiff,**

v.

**AUTOMATED INFORMATION MANAGEMENT, INC., Defendant.**

**No. 4:96–CV–841–A.**

United States District Court,
N.D. Texas,
Fort Worth Division.

Oct. 28, 1997.

**994**

Stephen Karl Guidry, Fanning Harper & Martinson, Dallas, TX, John Wiley Thomas, Brothers & Thomas, Austin, TX, for Plaintiff.

J. Joseph Reina, Brodeur & Reina, Dallas, TX, David C. Simmons, Levi Peerry Simmons & Loots PC, Washington, DC, for Defendant.

## MEMORANDUM OPINION and ORDER

McBRYDE, District Judge.

Came on for consideration the motion of defendant, Automated Information Management, Inc., for summary judgment. The court, having considered the motion, the response of plaintiff[1], the record, the summary judgment evidence, and applicable authorities, finds that the motion should be granted.

### I.

### Plaintiff's Claims

On November 20, 1996, plaintiff filed his original complaint in this action. In it, plaintiff maintains that he was terminated by defendant in retaliation for his reporting of wrongful, fraudulent, and illegal acts in connection with a contract between defendant and the Federal Aviation Administration ("FAA"). Plaintiff asserts two causes of action. In count I, he claims that he was retaliated against in violation of 31 U.S.C. § 3730. In count II, he asserts a claim for violation of 41 U.S.C. § 265.

### II.

### Grounds of the Summary Judgment Motion

Defendant's motion for summary judgment relies on three grounds. First, the statute upon which plaintiff relies as the basis for count two of his complaint, 41 U.S.C. § 265, does not provide for a private cause of action. Second, plaintiff's alleged complaints to his supervisor and a project manager do not constitute "protected activity" under either of the statutes upon which he relies. And, third, even if plaintiff's actions constitute protected activity, defendant has articulated a legitimate, non-retaliatory reason for plaintiff's discharge and plaintiff cannot demonstrate any evidence of pretext.

### III.

### Applicable Summary Judgment Principles

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact. *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson*, 477 U.S. at 248, 256, 106 S.Ct. at 2510, 2514. To meet this burden, the nonmovant must "identify specif-

---

1. Plaintiff's response to the motion for summary judgment and his memorandum of law in support of summary judgment response are subject to being stricken as they are signed by law firms in violation of the court's February 25, 1997, order, page 5, paragraph (6). The affidavit of Ray Hammack is subject to being stricken, because the materials appended are not attached in such a manner that the court can readily locate each item. February 25, 1997 order at 6.

ic evidence in the record and articulate the 'precise manner' in which that evidence support[s][its] claim[s]." *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied,* 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). An issue is material only if its resolution could affect the outcome of the action. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons,* 746 F.2d 265, 269 (5th Cir.1984).

The standard for granting a summary judgment is the same as the standard for a directed verdict. *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552–53. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita,* 475 U.S. at 597, 106 S.Ct. at 1361–62.

### IV.

*Claim Under 41 U.S.C. § 265*

█ Title 41, § 265(a) prohibits reprisal against an employee "for disclosing to a Member of Congress or an authorized official of an executive agency or the Department of Justice information relating to a substantial violation of law related to a contract (including the competition for or negotiation of a contract)." The statute further provides a means by which complaints are to be investigated, § 265(b), and the remedies available in the event that a prohibited reprisal has occurred, § 265(c). The statute does not include any provision for private action by one who believes that he has been aggrieved. In fact, the statute indicates that no private right exists thereunder, providing: "Nothing in this section may be construed ... to modify or derogate from a right or remedy otherwise available to the employee." 41 U.S.C. § 265(d). And, the court must presume that a private cause of action was deliberately omitted from the statute. *Northwest Airlines, Inc. v. Transport Workers Union of Am., AFL–CIO,* 451 U.S. 77, 96–97, 101 S.Ct. 1571, 1583–84, 67 L.Ed.2d 750 (1981); *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19–20, 100 S.Ct. 242, 246–47, 62 L.Ed.2d 146 (1979). In light of the clear language of the statute, creation of a private right of action would be inappropriate. *Cort v. Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). Accordingly, plaintiff cannot pursue the claim asserted in count II of his complaint.

### V.

*Whether Plaintiff Engaged In Protected Activity*

█ Defendant next maintains that plaintiff cannot prevail on his count I claim under the False Claims Act, because the activity he describes was not protected activity since it involved no false claim. Title 31, § 3730(h) provides, in pertinent part: "Any employee who is discharged ... by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiating of, testimony for, or assistance in an action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole." "This section" describes civil actions for false claims and refers to § 3729 for the definition of false claims. To prevail, a plaintiff must show that his employer had knowledge that he engaged in protected activity and took some action to the plaintiff's detriment as a result. *Robertson v. Bell Helicopter Textron, Inc.,* 32 F.3d 948, 951 (5th Cir.1994), *cert. denied,* 513 U.S. 1154, 115 S.Ct. 1110, 130 L.Ed.2d 1075 (1995). The purpose of the False Claims Act is to protect those who report concern about an employer defrauding the government. *Id.* *See United States v. Rivera,* 55 F.3d 703, 709 (1st Cir.1995) (the False Claims Act was enacted during the Civil War to clamp down on wide-spread fraud by government contractors who were submitting inflated invoices and shipping faulty goods to the government).

█ The concept of a claim against the government normally connotes a demand for money or for some transfer of public property. *United States v. McNinch,* 356 U.S. 595, 599, 78 S.Ct. 950, 952–53, 2 L.Ed.2d 1001 (1958). And, the False Claims Act was not designed to reach every kind of fraud practiced on the government. *Id.* Liability under the Act attaches where one

  (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of

the Armed Forces of the United States a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid; . . . .

31 U.S.C. § 3729(a)(1)–(3). Violations of laws, rules, or regulations alone do not create a cause of action under the Act. *United States ex rel. Hopper v. Anton*, 91 F.3d 1261, 1266 (9th Cir.1996), *cert. denied*, — U.S. ——, 117 S.Ct. 958, 136 L.Ed.2d 844 (1997); *United States v. Shaw*, 725 F.Supp. 896, 900 (S.D.Miss.1989).

Here, plaintiff argues that defendant was, in effect, defrauding the government because it participated in an illegal personal services contract with the FAA. He further alleges that defendant and the FAA conspired to get around a federally-mandated hiring freeze by granting employees early retirement from the FAA and then causing defendant to hire them to continue the same work. The mere fact that defendant may have engaged in such activity at the behest of the FAA, however, does not mean that it submitted false claims to the government within the meaning of the Act. Plaintiff cites to no authority to support his allegations that defendant's activities amounted to submission of false claims. Nor does he cite any summary judgment evidence to raise a genuine fact issue in this regard. For example, had defendant certified in a claim for payment that it was not participating in a personal services contract in order to be paid by the government, a fact issue would exist with regard to whether a false claim had been submitted. *See Hopper*, 91 F.3d at 1266–67. But plaintiff submits no evidence of the text or content of any claim made by defendant. Moreover, plaintiff makes no attempt to show how his complaint regarding violation of the Federal Workforce Restructuring Act of 1994, Pub.L. No. 103–226, 108 Stat. 111 ("FWRA"), could have resulted in the filing of a False Claims Act case against his employer, when the remedy under FWRA is recoupment from the employee who received the voluntary separation incentive pay. He, in effect, recognizes that not all whistleblower-type activity falls under the Act when he states that he was fired "because of acts done in furtherance of an action under the False Claims Act *and/or* for reporting illegalities associated with a federal contract." Plaintiff's Response to Motion for Summary Judgment at ¶ 2.e. (emphasis added). Because the activity reported by plaintiff did not fit the category of false claims defined by 31 U.S.C. § 3729, he does not have a cause of action under 31 U.S.C. § 3730.

## VI.

### *ORDER*

For the reasons discussed herein,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against defendant; and that such claims be, and are hereby, dismissed.